UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14349-CIV-MIDDLEBROOKS

SHELLEY LETZER,

    Plaintiff,

v.

THE RADIANT CREATIONS GROUP, INC., a
Florida Corporation; GOLDEN RIVER CAPITAL,
LLC, a Florida limited liability company;
GOLDEN RIVER CAPITAL I, INC., a Florida
Corporation; NIT ENTERPRISES, INC., a Florida
Corporation; SBD GLOBAL FL, INC., a Florida
Corporation; NIT ENTERPRISES FL, INC., a
Florida Corporation; SBD SCIENTIFIC &
BIOLOGICAL DYNAMICS, INC., a Florida
Corporation; GARY R. SMITH, individually, a
Florida resident; GARY D. ALEXANDER,
individually, a Florida resident; and MICHAEL
ALEXANDER, individually, a Florida resident,

    Defendants.

_____/

## ORDER AND OPINION DENYING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT

THIS CAUSE comes before the Court upon Defendants Gary D. Alexander, Michael Alexander, Golden River Capital, LLC, Golden River Capital I, Inc., SBD Global FL, Inc., and The Radiant Creations Group, Inc.'s (the "Alexander Defendants") Motion to Dismiss the Second Amended Complaint ("Alexander Motion"), filed on October 4, 2016 (DE 23), and upon Defendants Gary R. Smith, NIT Enterprises, Inc., and NIT Enterprises FL, Inc.'s (the "Smith Defendants," and together with the Alexander Defendants, "Defendants") Motion to Dismiss the Second Amended Complaint ("Smith Motion"), filed on October 14, 2016 (DE 26).[1] Plaintiff

---

[1] Defendant SBD Scientific & Biological Dynamics, Inc. has not appeared in this case.

Shelley Letzer ("Letzer") filed a Response in opposition to the Alexander Motion on October 21, 2016 (DE 30) and a Response in opposition to the Smith Motion on October 31, 2016 (DE 31). For the reasons explained below, the Motions are denied.

## BACKGROUND

This case arises out of an alleged default on two Convertible Debenture Notes ("Notes") issued by Letzer to non-party The Renewable Corporation ("Renewable"). (Second Amended Complaint, hereinafter "Compl." at ¶¶ 14, 29). The individual Defendants, Gary R. Smith, Gary Alexander, and Michael Alexander were officers of Renewable. (*Id.* at ¶ 19). The Notes, dated May 21 and June 12, 2013, represented a loan from Letzer to Renewable for $200,000.00. (*Id.*). Letzer satisfied her obligations under the Notes when she paid Renewable the loan amount. (*Id.* at ¶ 15). Renewable has not repaid the loan. (*Id.* at ¶ 26). Instead, according to the Complaint, Defendants "concocted an elaborate 'shell game'" to avoid Renewable's debt obligation through fraudulent transfers of assets, rights, and obligations. (*Id.* at ¶¶ 20, 28). Specifically, the Complaint states that Renewable assigned its rights and obligations to Defendant The Radiant Creations Group, Inc. ("Radiant") (*id.* at ¶ 21), became inactive, withdrew its business registration for the State of Florida (*id.* at ¶ 17), and is currently insolvent (*id.* at ¶ 18). It states further that Renewable "fraudulently conveyed, transferred and/or otherwise distributed its assets for insufficient or no consideration" to "certain" other Defendants, which are styled as the "Smith Defendants" and "Alexander Defendants." (*Id.* at ¶ 26). Allegedly, Radiant has itself become insolvent and is unable to satisfy the debt that was assigned to it. (*Id.* at ¶¶ 22-23). Meanwhile, "certain" of the Smith and Alexander Defendants conveyed, transferred, or distributed their assets for insufficient consideration to other Smith and Alexander Defendants, making the former entities insolvent and also unable to repay the debt on the Notes. (*Id.* at ¶ 27).

The corporate Smith and Alexander Defendants are alleged to be "successors in interest" to Renewable. (*Id.* at ¶ 16). Letzer avers that she never agreed to relieve Renewable of its debt obligation. (*Id.* at ¶ 25).

Letzer filed a complaint against Defendants on August 11, 2016. (DE 1). She amended the complaint twice (DE 7 & 9), most recently on August 17, 2016 (DE 9). The Second Amended Complaint ("Complaint") contains three causes of action: (1) a breach of contract claim against Radiant (*id.* at ¶¶ 30-36); (2) a state statutory claim under the Florida Uniform Fraudulent Transfer Act (FUFTA), Fla. Sta. § 726.101, *et. seq.*, against all Defendants (*id.* at ¶¶ 37-30); and (3) an equitable request for the Court to appoint a receiver over all Defendant "corporations and companies" in order to make an accounting of their assets and deliver payment of the Note obligation to Letzer (*id.* at ¶¶ 41-42). Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. Fed. R. Civ. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## DISCUSSION

The Alexander and Smith Motions propound overlapping arguments for dismissing each of the three claims. I address those arguments by considering each claim in turn.

### A. *Breach of Contract*

Against this claim the Alexander Defendants offer an argument only in passing, contending that the breach of contract count "purports to be a contract claim but asserts in paragraph 36 damages that claim beyond what is recoverable in a simple contract claim for failure to pay a debenture." (DE 23 at 2). Paragraph 36 of the Complaint, located at the end of the section on Breach of Contract, states that "[a]s a result of Radiant's breach, Plaintiff has suffered significant damages." (Compl. at ¶ 36). To begin with, this ground for dismissal does not appear to take issue with Radiant's underlying liability, only with the extent of damages. It is elementary, however, that "[t]he issues of liability and damages are distinct." *Cosby v. AutoZone, Inc.*, 445 F. App'x 914, 917 (9th Cir. 2011). Second, while Letzer's allegation of damages suffered because of breach is worded broadly, the Alexander Defendants cite to no authority for the proposition that "significant damages" are not recoverable on a breached debenture contract. How "significant" the damages are is merely a question of fact. Consequently, dismissal of the breach of contract claim is not warranted.

### B. *Florida Uniform Fraudulent Transfer Act (FUFTA)*

The main thrust of the Alexander Motion challenges whether, with respect to Lezter's FUFTA claim, the Complaint adequately alleges "particularized details of the allegedly fraudulent transaction" under Fed. R. Civ. P. 9(b). (DE 23 at 2). Letzer denies that the Rule 9(b) standard applies to FUFTA actions. Following other decisions of this Court, I agree with Letzer.

For most causes of action, the federal rules require a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court interprets this rule liberally. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004). Conversely, Rule 9(b) imposes a heightened pleading standard when

5

dealing with claims of fraud or mistake. In such cases, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To do so, the Complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). When knowledge of the predicate facts would be in the defendant's sole possession, these requirements are relaxed to permit pleading on information and belief. *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990). But even then, "a complaint must adduce specific facts supporting a strong inference of fraud." *Id.*

The Alexander Defendants, joined by the Smith Defendants, argue that FUFTA is a fraud claim within the scope of Rule 9(b). Were that the case, they maintain that Letzer's Complaint would fail because it does not make a particularized factual showing. The problem with this theory is that federal courts in this district have considered and rejected it multiple times. Judge Marra's reasoning on this subject, quoted at length below, is persuasive:

> The Court concludes that the heightened pleading standard of Rule 9(b) does not apply to claims brought under [] FUFTA. Unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction. Therefore, the plaintiff generally possesses little or no information about the alleged fraudulent transfer other than it occurred. The fraudulent act, the clandestine act of hiding money, is allegedly committed by a defendant and another, to the exclusion of the plaintiff. This is in stark contrast to a common law fraud claim where a plaintiff alleges that a defendant made a material false statement or omission directly to the plaintiff. Under such circumstances, the plaintiff is in a position to plead with the specificity required by Rule 9(b). This Court concludes that despite the use of the

6

> word "fraud," a fraudulent transfer claim is significantly different from other fraud claims to which Rule 9(b) is directed. Given this lack of access to information on the part of a plaintiff in a fraudulent transfer case, the application of a heightened pleading standard is inappropriate.

*Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100, at *6 (S.D. Fla. Mar. 7, 2008) (Marra, J.) (internal citations omitted). For these reasons, I also conclude that a plaintiff asserting a cause of action under FUFTA in federal court need not meet Rule 9(b)'s heightened pleading standard. As a result, dismissal of Letzer's FUFTA claim is not warranted on this basis.

The Smith Defendants advance another ground for dismissing this count. They urge that Letzer's allegations pertaining to FUFTA fail to reach even Rule 8(a)(2)'s pleading requirements, as that standard has been interpreted in *Twombly* and *Iqbal*. As discussed above, those cases hold that pleadings do not demonstrate entitlement to relief when they merely generate "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Letzer, according to the Smith Defendants, does no more than rehearse the elements to a FUFTA claim, as she adduces "zero underlying supporting facts whatsoever." (DE 26 at 2). Letzer, however, cites to a specific series of transactions: (1) a loan agreement between Letzer and Renewable, followed by (2) Renewable's assignment of rights and obligations to Radiant, concurrent with (3) Renewable's sale of assets to corporate entities associated with the individual Defendants, which led to (4) the further exchange of Renewable's assets among those entities.[2] All these transactions, described by Letzer as a "shell game," helped obfuscate which company was liable for the debt and which had the resources to repay it. The structure of the alleged "shell game" provides sufficient facts to support the FUFTA

---

[2] Letzer also attaches as exhibits to the Complaint copies of some of the referenced financial instruments and communications concerning them. (Compl. at Ex. 1-5).

7

elements and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That is all Rule 8 requires.

Changing course somewhat, the Smith Defendants imply that Letzer's facts are not non-existent, they are merely too vague. In particular, they highlight the fact that she refers to the transfer of "assets" generally and to "certain" of the Smith and Alexander entities, without specifically identifying the members of either category. Once again, the Smith Defendants stretch the pleading standard too far. *Twombly* states that factual allegation supporting "plausible grounds" for a claim are simply those that "raise a reasonable expectation that discovery will reveal evidence of illegal" conduct. *Twombly*, 550 U.S. at 545. A plaintiff need not sketch out every facet of a purportedly illegal financial transaction in order to raise that expectation. *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 323-24 (2d Cir. 2011) (district court demanded level of pleading "not justified by *Twombly*" when it faulted plaintiff asserting RICO claim for omitting precise mechanics of how scheme operated); *see also Vinson v. Vermillion Cty.*, 776 F.3d 924, 930 (7th Cir. 2015) (plaintiff alleging illegal police search of home not required to identify which window officer peered into); *A.F.L.-C.I.O. v. City of Miamia*, 637 F.3d 1178, 1186 (11th Cir. 2011) ("notice pleading does not require a plaintiff to specifically plead every element of his cause of action"). Notice pleading would become a nullity if Letzer, without the benefit of discovery, were forced to allege exactly which assets were transferred and which corporate entities were their recipients at each stage of the purported shell game. I therefore conclude that Letzer has satisfied Rule 8(a)(2)'s pleading standard.

More formalistically, the Smith Defendants criticize Letzer's Complaint as a "shotgun pleading" in that each count incorporates and re-alleges all of the facts and of the content of the previous counts. The Smith Defendants are correct that the Eleventh Circuit has inveighed

8

against shotgun pleadings and has particularly singled out successive reincorporation of allegations as the source of much confusion. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). At the same time, *Weiland* found that the Complaint at issue in that case was not a shotgun pleading because its reincorporation did not "materially increase[] the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324. For the most part, that is also true here. The basic allegations in this case are straightforward: one entity was obligated to repay a loan but instead it and its principals restructured their operations to avoid that obligation. The breach of the loan agreement and the restructuring are conceptually and legally severable but it is not difficult to pinpoint which facts are relevant to each claim. This is therefore not a case where there is a "connection" missing "between the substantive count and the factual predicates." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Dismissal on the basis of a shotgun pleading is also denied.

### C. Receivership

Finally, the Smith Defendants argue that the insufficient factual and legal basis for its FUFTA claim – in particular, the general manner in which "assets" are described – make a receivership impractical. Because I have already determined that the assets in question do no need to be specifically identified at this stage, I agree with Letzer that dismissing the demand for a receivership at this stage would be premature.

Accordingly, it is **ORDERED** and **ADJUDGED** that

(1) Defendants Gary D. Alexander, Michael Alexander, Golden River Capital, LLC, Golden River Capital I, Inc., SBD Global FL, Inc., and The Radiant Creations Group, Inc.'s Motion to Dismiss the Second Amended Complaint (DE 23) is **DENIED**.

(2) Defendants Gary R. Smith, NIT Enterprises, Inc., and NIT Enterprises FL, Inc.'s Motion to Dismiss the Second Amended Complaint (DE 26) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 19 day of December, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record